USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                              :

SOTERO NELI FLORES and CORNELIO
GUERRERO, individually and on    :
behalf of others similarly
situated,                           :

                Plaintiffs,   :   16 Civ. 2916 (AT)(HBP)

  -against-                       :   OPINION
                                       AND ORDER
HILL COUNTRY CHICKEN NY, LLC     :
d/b/a HILL COUNTRY CHICKEN and
MARC GLOSSERMAN,                 :

                Defendants.   :

-----------------------------------X

       PITMAN, United States Magistrate Judge:

       Plaintiffs, former employees of defendants, commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") §§ 190 et seq. to recover unpaid minimum wage and overtime premium pay, spread-of-hours pay, misappropriated tips, equipment costs and penalties for failure to provide wage statements and notices under the NYLL. Plaintiffs brought the action as a collective action pursuant to 29 U.S.C. § 216(b) with respect to the FLSA claims.

       The parties reached a settlement prior to the matter being conditionally certified as a collective action and now seek

approval of their proposed settlement (Letter from Michael Faillace, Esq., to the undersigned, dated Dec. 29, 2016 (Docket Item ("D.I.") 27) ("Faillace Letter")). The parties have consented to my exercising plenary jurisdiction over this motion pursuant to 28 U.S.C. § 636(c).

I cannot approve the settlement at this time. The parties have not provided sufficient information to enable me to determine whether the proposed settlement is fair and reasonable. Although the parties claim that plaintiffs' total damages are approximately $49,000, they fail to state the damages each plaintiff claims and the basis therefore. Thus, it is impossible to determine whether the allocation of the settlement proceeds is reasonable and bears a rational relationship to the amount claimed by each plaintiff. The parties should provide the amount of damages claimed by each plaintiff, the basis therefore and an explanation of the allocation of the settlement proceeds.

The settlement agreement also contains a general release that is impermissible. In pertinent part, the release for plaintiffs provides:

> Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendants, Defendants' subsidiaries . . ., parents . . ., affiliates, successors, related entities, assigns, heirs, executors, trustees, administrators, and attorneys, and all

> of their present and former directors, officers, part-
> ners, shareholders, members, employees, representa-
> tives, agents, attorneys, owners, and insurers (collec-
> tively, "Releasees") from all actions, causes of ac-
> tion, suits, . . . claims and demands of any kind
> whatsoever, at law or in equity, direct or indirect,
> known or unknown, discovered or undiscovered, which
> they had, now have or hereafter can, shall or may have
> against Releasees, arising out of, by reason of, or
> relating in any way whatsoever to any matter, cause or
> thing from the beginning of the world through the date
> Plaintiffs execute this Agreement . . . . This release
> is limited solely and only to claims that have arisen
> on, or prior to, the date this Agreement is executed
> and transmitted to counsel for Defendants and it does
> not release or discharge any claims that may occur
> after that date. The only exclusions from this release
> provision are claims for unemployment insurance and
> workers' compensation . . . .

(Faillace Letter, Ex. 1 § 5(A)). Plaintiffs also agree in the release not to file "any other causes of action against Releasees arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the pending action" (Faillace Letter, Ex. 1 § 3).[1] Defendants also agree to release plaintiffs from "all actions, causes of action, suits, . . . claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or

---

[1] Pursuant to Fed.R.Civ.P. 18(a), a party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Thus, plaintiffs could have asserted any claim in this action that they had against defendants, even if unrelated to wage-and-hour issues.

may have against Plaintiffs" (Faillace Letter, Ex. 1 § 5(B)). Defendants' release is similarly limited "solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed" (Faillace Letter, Ex. 1 § 5(B)).

The problem with the parties' general release is not that it runs in favor of both plaintiffs and defendants. The clause was negotiated by competent counsel for both sides, and plaintiffs no longer work for defendants; thus, "[a] general release of the kind proposed in this case, with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure." Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.); accord Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.).

Instead, the problem with the release, like the one in Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (Moses, M.J.), is that it would bar claims by plaintiffs not only against defendants themselves, but also against a broad array of persons, including former employees, members and share-

4

holders.² "As written, this language could be applied to absurd effect[.]" Lopez v. Poko-St. Ann L.P., supra, 176 F. Supp. 3d at 344. For example, plaintiffs would not be able to sue one of defendants' former employees for breach of contract or for an assault. Such a result is absurd and contrary to the FLSA's remedial purposes. Therefore, the parties must limit the persons covered by plaintiffs' general release.³

I also note that the settlement agreement contains two other impermissible provisions. First, the agreement bars plaintiffs from ever working, or applying to work, for defendants and the releasees (Faillace Letter, Ex. 1 § 9). A provision limiting plaintiffs' employment opportunities is not permitted. Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.). Such a provision is in direct conflict with the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees."

---

²Indeed, the fact that plaintiffs release a number of persons other than defendants, yet it is only defendants that release plaintiffs, indicates that the release is not truly mutual.

³The agreement provides that "[i]f any provision is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5(A) . . .), the remaining provisions shall continue in full force and effect notwithstanding" (Faillace Letter, Ex. 1 § 8). Thus, plaintiffs' general release cannot be severed from the rest of the agreement.

5

Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).

Second, the settlement agreement contains a mutual non-disparagement clause. Specifically, the agreement provides that the parties are free to "make whatever disclosures they deem appropriate" to listed persons[4] "with respect to this litigation provided those disclosures are truthful, and no derogatory statements are made about Plaintiffs' Counsel, Defendants' Counsel, the Plaintiffs, and/or the Defendants" (Faillace Letter, Ex. 1 § 11). However, it does not include a carve-out for truthful statements about plaintiffs' experience litigating their case.[5] A non-disparagement clause in an FLSA settlement must include such a carve-out. Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (Kaplan, D.J.); accord Weng v. T&W Rest., Inc., 15 Civ. 8167 (PAE)(BCM), 2016 WL 3566849

---

[4]The settlement agreement prohibits the parties from discussing "settlement discussions, the existence and/or terms of this Agreement, and/or the facts and events leading up to same" with the media or any blogs or social networking sites (Faillace Letter, Ex. 1 § 11). "Although this provision does place some limits on Plaintiffs' ability to discuss the settlement, the limit is not absolute. The provision mainly restricts Plaintiffs' contact with the media, not their general ability to discuss the Settlement." Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, supra, 2016 WL 922223 at *2. Accordingly, this limited confidentiality provision is permissible.

[5]The language of the agreement imposes a blanket ban on derogatory comments, even if truthful.

at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.); see Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.). This is true even in the case of a mutual non-disparagement clause. E.g., Howard v. Don Coleman Advertising Inc., 16 Civ. 5060 (JLC), 2017 WL 773695 at *2 (S.D.N.Y. Feb. 28, 2017) (Cott, M.J.).[6]

Accordingly, for all the foregoing reasons, I cannot approve the settlement at this time. Within 30 days of the date of this Order, the parties are either to provide the information sought and a revised settlement agreement that addresses the foregoing issues or to file a letter indicating their intention to abandon the settlement and proceed with litigation. The Clerk of the Court is respectfully requested to close Docket Item 27.

Dated: New York, New York
August 11, 2017

SO ORDERED

*(signature)*

HENRY PITMAN
United States Magistrate Judge

---

[6] The re-employment and non-disparagement provisions, by themselves, do not require me to withhold approval of the settlement agreement as a whole because they are severable, pursuant to Section 8 of the Settlement Agreement. See Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

7

Copies transmitted to:

All Counsel of Record