USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

SOTERO NELI FLORES and CORNELIO :
GUERRERO, individually and on
behalf of others similarly :
situated
                                  :   16 Civ. 2916(HBP)
              Plaintiffs,
                                  :   OPINION
     -against-                        AND ORDER
                                  :
HILL COUNTRY CHICKEN NY, LLC
d/b/a HILL COUNTRY CHICKEN and    :
MARC GLOSSERMAN,
                                  :
              Defendants.
----------------------------------X

          PITMAN, United States Magistrate Judge:

          Plaintiffs commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") §§ 190 et seq. to recover unpaid minimum wage and overtime premium pay, spread-of-hours pay, misappropriated tips, equipment costs and penalties for failure to provide wage statements and notices under the NYLL. Plaintiffs brought the action as a collective action pursuant to 29 U.S.C. § 216(b) with respect to the FLSA claims, but the parties reached a settlement prior to the matter being conditionally certified. The matter is currently before me on the parties' joint application to approve a settlement that they have reached (Docket Item ("D.I.") 32). The parties have consented to

my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

By Opinion & Order dated August 11, 2017, I rejected the parties' previous settlement agreement for two reasons (Order dated Aug. 11, 2017 (D.I. 31 )("August 11, 2017 Order")). First, the parties failed to provide sufficient information to enable me to determine whether the proposed settlement was fair and reasonable. Second, the general mutual release provisions set forth in Sections 3 and 5(A), (B) were deficient because they would have barred plaintiffs' claims against a broad array of non-parties and released any claims that plaintiffs might have which are unrelated to wage-and-hour issues.[1]

The parties resubmitted their settlement agreement for approval on September 11, 2017 (Letter of Michael Faillace, Esq., dated Sept. 11, 2017 (D.I. 32)("Faillace Letter"), Ex. 1). However, I am still unable to approve the proposed settlement agreement.

Under the proposed settlement agreement, plaintiffs agree not to file "any other causes of action against Releasees

---

[1] My August 11, 2017 Order also noted that the provision barring plaintiffs from seeking employment with defendants and the provision prohibiting plaintiffs from making truthful statements about their experience litigating their case were impermissible (August 11, 2017 Order at 6).

2

arising from employment-related or other matters that were encompassed or <u>could have been</u> encompassed" in this action (Faillace Letter, Ex. 1 § 3 (emphasis added)). Plaintiffs also agree to release not only defendants, but a broad array of persons,[2] including former officers and directors, from "torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract . . . fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement, including but not limited to, all claims asserted in the Pending Action" (Faillace Letter, Ex. 1 ¶ 5(A)). The named defendants agree to release plaintiffs alone from a vast assortment of claims unrelated to wage and hour issues (Faillace Letter, Ex. 1 ¶ 5(B)). The plaintiffs do not, however, receive a release from all the persons and entities that they are releasing.

    The amended general release still impermissibly releases claims plaintiffs may have that are unrelated to wage and

---

[2] Under the proposed settlement agreement, plaintiffs would be providing a general release in favor of defendants' "subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), parents (including but not limited to any grandparent entities, great grandparent entities, and so on), affiliates, successors, related entities, assigns, heirs, executors, trustees, administrators, and attorneys, and all of their present and former directors, officers, representatives, attorneys and insurers . . ." (Faillace Letter ¶ 5(A)).

hour issues against a broad array of persons and entities. Although the parties' modified language no longer releases claims plaintiffs may have against defendants' former employees, shareholders, or members, the proposed agreement still releases claims plaintiffs may have that are unrelated to wage and hour issues against former directors, officers and representatives, among others (Faillace Letter, Ex. 1 ¶ 5(A)).[3] As the release is written, it "could be applied to an absurd effect[.]" Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (Moses, M.J) (rejecting a general release that released a "long list" of entities and persons related to defendants from "every imaginable claim"). For example, the release would expressly prohibit plaintiffs from commencing an action against defendants' former officers for breach of contract or for an assault (Faillace Letter, Ex. 1 ¶ 5(A)).[4] Such a result is absurd and

---

[3] In addition, the fact that plaintiffs release a number of persons other than defendants, yet only the named defendants release plaintiffs, demonstrates that the release is not truly mutual.

[4] I also note that the proposed settlement agreement contains limitations in certain provisions that are effectively voided by other provisions. For example, in Section 3 of the proposed settlement agreement, plaintiffs agree not to file "any other causes of action against Releasees arising from employment-related or other matters that were encompassed or could have been encompassed" in this action. Section 5(A), however, contains a general release from plaintiffs in favor of a wide range of individuals and entities. Given Section 5(A), the limitation in
(continued...)

4

contrary to the FLSA's remedial purpose.[5]  See <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 207 (2d Cir. 2015) (concluding that the "primary remedial purpose" of the FLSA is "to prevent abuses by unscrupulous employers and remedy the disparate bargaining power between employers and employees"), <u>cert</u>. <u>denied</u>, 136 S. Ct. 824 (2016).  The parties must further limit the persons covered by the release.

---

[4](...continued)
Section 3 has no meaning.

[5] In rejecting the proposed settlement agreement here, I have not overlooked the fact that some Judges in the Circuit have approved FLSA settlements containing mutual general releases. <u>Souza v. 65 St. Marks Bistro</u>, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 5, 2015) (Cott, M.J.) (alterations in original); <u>accord</u> <u>Cionca v. Interactive Realty, LLC</u>, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); <u>Lola v. Skadden, Arps, Meagher, Slate & Flom LLP</u>, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.).  However, general release provisions are not truly <u>mutual</u> unless the plaintiffs receive a general release from all the persons and entities to whom plaintiffs provide a general release.  For example, if defendants seek a general release from plaintiffs in favor of defendants' insurers, the release can be fairly characterized as mutual only if defendants' insurers provide a reciprocal general release in favor of plaintiffs.  If the parties submit a renewed application for approval of the settlement, any general release provisions that are not fully mutual will not be approved.

5

Accordingly, within 30 days of this Order, the parties are to submit a revised settlement agreement that corrects the foregoing deficiencies.

Dated:   New York, New York
         October 25, 2017

                                     SO ORDERED

                                     _____
                                     HENRY PITMAN
                                     United States Magistrate Judge

Copies transmitted to:

All Counsel