USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

SOTERO NELI FLORES and CORNELIO
GUERRERO, individually and on
behalf of others similarly
situated

               Plaintiffs,

  -against-

HILL COUNTRY CHICKEN NY, LLC
d/b/a HILL COUNTRY CHICKEN and
MARC GLOSSERMAN,

               Defendants.

----------------------------------X

16 Civ. 2916 (HBP)

OPINION
AND ORDER

      PITMAN, United States Magistrate Judge:

      This matter is before me on the parties' joint application to approve the parties' settlement (Proposed Settlement Agreement, annexed as Ex. A to Letter of Alexander W. Leonard, Esq., to the undersigned, dated Jan. 5, 2018 (Docket Item ("D.I.") 41). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

      This is an action brought by two individuals who worked as deliverymen at defendants' restaurant. Plaintiffs bring this action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") §§ 190 et seq., claiming that they were paid below minimum wage, that they

were not paid the overtime premium pay to which they were entitled and that defendants unlawfully paid them at the "tip credit" rate. Plaintiffs also assert claims based on defendants' alleged failure to maintain certain payroll records, provide certain notices as required by the NYLL and reimburse plaintiffs for the cost of equipment that plaintiffs used during the course of their employment. Plaintiffs claim to be entitled to $49,065.45 in total damages.

Defendants dispute plaintiffs' allegations and contend that plaintiffs were paid the appropriate and lawful minimum wage throughout their employment. Defendants also maintain that they complied with the wage notice requirements under the NYLL.

Because the parties reached a proposed settlement prior to the scheduled settlement conference, my knowledge of the underlying facts and the justification for settlement is limited to the Complaint and counsel's representations in their letters seeking settlement approval.

The parties have twice sought approval of prior settlement agreements. By Opinion and Order dated August 11, 2017, I rejected the parties' first proposed settlement agreement on the grounds that the proposed settlement: (1) provided insufficient information to enable me to determine whether the proposed settlement amount was fair and reasonable and (2) contained

impermissible provisions, including (a) a unilateral general release in favor of defendants, (b) a provision barring plaintiffs from re-employment with defendants and (c) a provision prohibiting plaintiffs from making truthful statements about their experience litigating this action (Opinion and Order of the undersigned, dated Aug. 11, 2017 (D.I. 31)). The parties submitted a revised proposed settlement agreement, (see Letter of Michael Faillace, Esq., to the undersigned, dated Sept. 11, 2017 (D.I. 32)), which I also rejected by Opinion and Order, dated October 25, 2017, due to the parties' failure to cure the deficient general release (Opinion and Order of the undersigned, dated Oct. 25, 2017 (D.I. 34)).

The parties have submitted a second revised proposed settlement agreement for approval. I am still unable to approve the proposed settlement agreement currently before me because it still contains an impermissible release.

The proposed settlement agreement contains a release that, although unlimited in duration, is limited to wage-and-hour claims only (Proposed Agreement ¶ 5(a)). See Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.) (approving release that included both known and unknown claims and was limited to wage and hour claims). However, the proposed settlement also

contains a contradictory provision that still provides for an impermissible general release (Proposed Settlement ¶ 3). In pertinent part, the provision states that plaintiffs agree "not to refile the causes of action asserted in the Pending Action or any other causes of action against Releasees[1] arising from employment related or other matters that were encompassed or could have been encompassed or raised in the pending action" (Proposed Settlement Agreement ¶ 3). Unlike the limited release contained in the fifth paragraph of the proposed settlement agreement, given the liberal joinder rules in federal practice, this provision constitutes a general release running in favor of defendants and, thus, is impermissible. Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.) (approving release that included both known and unknown claims and claims through the date of the settlement that was limited to wage and hour issues; rejecting other release that included both known and unknown claims and claims through

---

[1] Under the terms of the proposed settlement agreement, "Releasees" are "defendants and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, insurers, officers, directors, trustees, employees, agents, shareholders, members, owners, representatives, attorneys, and/or fiduciaries, past, present or future" (Proposed Settlement Agreement ¶ 5(a)).

4

the date of the settlement that was not limited to wage and hour issues); Alvarez v. Michael Anthony George Constr. Corp., No. 11 CV 1012 (DRH)(AKT), 2015 WL 10353124 at *1 (E.D.N.Y. Aug. 27, 2015) (rejecting release of all claims "whether known or unknown, arising up to and as of the date of the execution of this Agreement" because it included the release of claims unrelated to wage and hour issues").

Accordingly, the parties are directed to submit a revised settlement agreement that contains a properly limited release within 30 days of this Order.

Dated: New York, New York
April 2, 2018

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

5